IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DONNIE MACK SELLERS,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN GOOTKIN, JIM SALMONSEN, KRISTI COBBAN, SCOTT MCNEIL, CHRIS LAMB, AMIE GARLAND, AMANDA KAMBIC, BILLIE REICH, WILLIAM WEDDINGTON, ROXANNE WIGERT, BRETT COUGHLIN, ANTHONY HOLLAND, BONNIE SWANSON, LISA WIRTH, CARRIE WALSTEAD, CAPTAIN JOHN DOE, LIEUTENENT JOHN DOE, MELISSA SCHARF, DANIEL HASH, STEPHANIE PASHA,<br><br>Defendants. | Cause No. CV 24-20-H-DWM<br><br>ORDER |

Pending before the Court are Plaintiff Sellers' Motion for Recusal, (Doc. 10), and a Motion for Leave to File Under Seal. (Doc. 11.) Sellers also requested

1

that counsel be appointed to represent him. *See*, (Doc. 9 at 5.) Each motion will be addressed in turn.

### i. Motion for Recusal

Sellers asks the undersigned to recuse himself from this matter. *See generally*, (Doc. 10.) Although he does not provide legal support for the motion, Sellers first seems to suggest that the screening order entered on June 11, 2024, demanded Sellers do "the impossible" by directing him to file an amended complaint. (*Id.* at 1.) Sellers claims he has limited mental ability and vision, which has made compliance with the order difficult. (*Id.* at 1-2, 3.) Sellers also claims that approximately 3 to 5 years ago, he was interviewed by a United States Secret Service Agent regarding a letter sent to the undersigned regarding President Obama and wolves being allowed in Montana. (*Id.* at 2.) Sellers states he did not author the letter. (*Id.*) Finally, Sellers suggests that this matter is complex, that there is an overarching conspiracy at play in the Montana Department of Corrections/Montana State Prison, and that this Court has wrongly labeled him as "proceeding in forma pauperis." (*Id.* at 3.)

28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The test for disqualification under section 455(a) is an objective one: whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality

2

might reasonably be questioned." *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983).  The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law." *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008).  This standard does not mandate recusal upon the mere "unsubstantiated suspicion of personal bias or prejudice." *Id.* (citations omitted).  Additionally, Section 455(a) is "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed, or statements made by the judge during the course of [proceedings]." *Id.* at 913-14.

28 U.S.C. § 144 requires a party to file a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . ." To be legally sufficient, the affidavit "must state facts which if true fairly support the allegation that bias or prejudice stemming from (1) an extrajudicial source (2) may prevent a fair decision on the merits." *United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978).  The judge must look at "the substantiality of the support given by these facts to the allegation of bias." *Id.* at 739-40.  Conclusory statements alleging personal bias or prejudice are not statements of fact, and do not provide a basis for disqualification. *Wilenbring v. United States*, 306 F.2d 944, 946 (9th Cir. 1962).

When a court considers a motion under § 144, it should: (1) first evaluate whether to "grant recusal pursuant to [§ 455]"; and (2) if it determines that recusal is inappropriate under § 455, proceed to "determine the legal sufficiency of the affidavit filed pursuant to [§ 144]." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980). Under § 144, recusal is not automatic. "An affidavit filed pursuant to [§144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice toward a party that stems from an extrajudicial source." *Id*.

Sellers has failed to establish that recusal is warranted. The basis for recusal rests upon Sellers's conclusory statements, that are not supported by the record before the Court or by information obtained from extrajudicial sources.

Sellers takes issue with the screening order entered on June 11, 2024. *See e.g.*, (Doc. 8.) This order constituted a prescreening of the complaint as required by 28 U.S.C. § 1915A. The order informed Sellers of deficiencies in his filing and the relevant legal standards. The order further provided guidance on filing an amended complaint, which Sellers seems to have heeded. Thus, the actions of the undersigned do not demonstrate bias or prejudice, but instead show an examination of the record and law presented. *See Holland*, 519 F. 3d at 914. There is no indication that the prior order was the result of prejudice or impartiality. Further, as explained in a contemporaneous companion order, several of the claims in the

4

amended complaint are being served upon defendants. In short, there is no reason to conclude that impartiality is in question. Recusal is not required by § 455(a).

While recusal is inappropriate under § 455, Sellers also fails to make the requisite showing of legal sufficiency of the affidavit under the second prong of §144. The only extrajudicial source supporting Sellers's affidavit is his own conjecture. While Sellers may genuinely believe there is a conspiracy at play against him, *see* (Doc. 10 at 2-3), he provides no additional support. It is understood that Sellers is 71 years old and suffers from various health issues. But screening his initial complaint and allowing amendment was not meant as punishment or to create an obstacle for Sellers, it is part of the procedure mandated by law. Moreover, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). And finally, despite being required to pay a partial filing fee in installments, Sellers is nonetheless proceeding in forma pauperis. *See*, (Doc. 5.)

Sellers has not established recusal is justified under either §144 or § 455, and he has also failed to demonstrate any reasonable basis on which to question the undersigned's impartiality in this matter. The facts, as presented, do not warrant recusal or disqualification. The motion for recusal will be denied.

    ii.    **Motion to Seal**

Sellers moves to seal the exhibits attached to his Amended Complaint.

5

(Doc. 11.) He asserts that the documents contain medical records related to his vision impairment and also sensitive information relating to prior assaults that occurred at Montana State Prison and separation needs between Sellers and others. (*Id.* at 1.) According to Sellers, portions of these exhibits unfairly paint him in a negative light and could result in further physical harm. (*Id.* at 1-2.)

In the Ninth Circuit, "we start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record bears the burden of overcoming this strong presumption by providing "compelling reasons" to do so. *Foltz*, 331 F.3d at 1135. "Compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when the "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

"After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). In this instance, the Court finds that Sellers's private medical information and the grievances and disciplinary documents, which contain the names of other inmates, should be kept under seal. This is especially

6

true in light of nature of the claims in the amended complaint. The motion will be granted.

### iii. Motion to Appoint Counsel

Sellers has requested that counsel be appointed to represent him. (Doc. 9 at 5.) Throughout his filings, Sellers has explained that his vision impairment and the complex nature of this matter makes proceeding on his own difficult.

No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). Unlike criminal cases, the statute that applies does not give a court the power to simply appoint an attorney. 28 U.S.C. § 1915 only allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). A judge cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit- a judge can merely request a lawyer to do so. *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). Further, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Neither of these

>factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

Many indigent plaintiffs might fare better if represented by counsel, particularly in more complex areas such as discovery and the securing of expert testimony. However, this is not the test. *Rand*, 113 F.3d at 1525. Plaintiffs representing themselves are rarely able to research and investigate facts easily. This alone does not deem a case complex. *See Wilborn*, 789 F.2d at 1331. Factual disputes and the anticipated examination of witnesses at trial does not establish exceptional circumstances supporting an appointment of counsel. *Rand*, 113 F.3d at 1525.

Although Sellers has survived initial screening, he has not yet demonstrated a likelihood of success on the merits. Moreover, Sellers has effectively articulated his claims to this point. The Court does not see a sufficient basis to appoint counsel at this juncture. The motion will be denied.

The Court advises Sellers, however, that the United States District Court for the District of Montana's website has a page which identifies cases in which defendants have been served and the plaintiff has requested appointment of counsel. Although, the Court is denying Sellers's motion for appointment of counsel, it will list his case on the Court's website as a case in which a request for

the appointment of counsel has been made. Should an attorney contact the Court indicating their interest in representing Sellers, the Court will make the appointment. If Sellers objects to having his case listed on the Court's website, he should immediately notify the Court.

Accordingly, the Court issues the following:

## ORDER

1. Seller's Motion for Recusal (Doc. 10) is DENIED.

2. Sellers's Motion for Leave to File Under Seal (Doc. 11) is GRANTED. The Clerk of Court is directed to seal (Doc. 9-1.)

3. Seller's Motion to Appoint Counsel, *see* (Doc. 9 at 5) is DENIED. The Clerk of Court is directed to notify the Court's Pro Bono Coordinator to list Sellers's case on the list of Pro Bono Opportunities on the Court's website.

4. At all times during the pendency of this action, Sellers must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 10th day of December, 2024.

_____
Donald W. Molloy
United States District Court Judge

9