IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DONNIE MACK SELLERS,<br><br>Plaintiff,<br>vs.<br>BRIAN GOOTKIN, et al.,<br><br>Defendants. | CV 24-20-H-BMM<br><br><br>ORDER |

Pending before the Court are two motions filed by Plaintiff Sellers. (*See* Doc. 69, Doc. 70.) Sellers first requests an additional 60 days to respond to Defendants' motion for summary judgment. (Doc. 69.) Sellers explains that he underwent eye surgery in his left eye in April and that he is still experiencing issues with his vision. (*Id*. at 4-6.) Sellers received a second laser surgery on the same eye on July 22, 2026. (*Id*. at 22-23.) Sellers states Montana State Prison authorities have ordered glasses that may improve his sight, but that at the present time he continues with vision difficulties. (*Id*. at 23-24.) Defendants do not object to Sellers's request for an extension. (*See* Doc. 71 at 1.) Accordingly, the Court will grant the motion.

Sellers next makes a motion for sanctions. (Doc. 70.) Sellers asks that Defendants Gootkin, Salmonsen, Cobban, Wirth, Walstead, Thompson, and

Kambic each pay him $40,000 for allegedly refusing to produce a video of an assault that occurred on December 31, 2023. (*Id*. at 2.) Sellers claims that he was provided the video on a disk, but that it was subsequently seized from him. Sellers has apparently been unable to view the video or listen to the audio. (*Id*. at 2-3.) Sellers suggests that Defendants are hiding this information from him. Sellers asks for additional sanctions against Defendant Salmonsen for failing to employ proper supervision at Montana State Prison. (*Id*. at 3-4.)

Defendants state that Fed. R. Civ. P. 11(d) does not apply to discovery materials, and the motion should be denied. (Doc. 72 at 2.) Additionally, Defendants assert that even if Fed. R. Civ. P. 11 applied, Sellers failed to comply with the "safe harbor" provision and did not serve his motion for sanctions on defense counsel prior to filing it in this matter. (*Id*.) The Court agrees.

Additionally, Sellers has not complied with Local Rule 26.3(c)(1). This rule requires that parties confer concerning all disputed issues prior to filing a discovery motion with the Court. If a party fails to do so, as is the case here, the discovery motion will be denied. *See* L.R. 26.3(c)(1). Furthermore, Sellers's motion does not comply with the provisions of L.R. 26.3(c)(2). For all these reasons, the Court will deny Sellers's motion for sanctions.

In their response to Sellers's motion for extension, the Defendants respond to additional allegations advanced by Sellers that are not germane to his present

motions. Specifically, Defendants assert that Sellers is receiving adequate medical care and his disabilities have been accommodated by granting him the use of an ADA aide. (*See* Doc. 71 at 2.) Defendants object to Sellers's characterization of both Defendants and defense counsel as "habitual" liars. Defendants assert that Sellers does not identify any specific misstatements and that their motion for summary judgment is supported by a statement of undisputed facts and supporting documents. (*Id.*) The Court appreciates Defendants' position and cautions Sellers to refrain from further conclusory and/or derogatory characterizations.

Accordingly, the Court issues the following:

**ORDER**

1. Sellers's motion for extension of time (Doc. 69) is **GRANTED**. Sellers should file his response to the Defendants' motion for summary judgment on or before **October 23, 2026**.

2. Sellers' motion for sanctions (Doc. 70) is **DENIED**.

DATED this 18th day of August, 2026.

Brian Morris, Chief District Judge
United States District Court